# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER 1994 SESSION



**FILED**

September 9, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,
       Appellee

    vs.

**HANS VINCENT MORRIS,**
       Appellant

No. 03C01-9406-CR-00218

ANDERSON COUNTY

Hon. James B. Scott,Jr., Judge

(State Appeal)


FOR THE APPELLANT:

Tom Marshall
District Public Defender

Katherine J. Kroeger
Assistant Public Defender
101 South Main Street
Clinton, TN 37716

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Merrilyn Fierman
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

John Maddox
Asst Dist. Attorney General
Room 127, Courthouse
Clinton, TN. 37716


OPINION FILED: _____


**REVERSED AND REMANDED**

Robert E. Burch
Special Judge

**OPINION**

The State has appealed from a ruling of the Criminal Court of Anderson County in which the trial court ruled that the Juvenile Court of Anderson County did not have jurisdiction to require a juvenile traffic offender to attend psychological counseling.

**FACTS**

Although the transcript of the hearing contains no facts concerning the traffic incident which precipitated this dispute, we note from the record that the juvenile was observed by a police officer to have been driving in a very erratic manner and to have run two stop signs. When stopped, the juvenile appeared to the officer to be "in a highly excited state". The juvenile was not licenced to operate a motor vehicle.

The juvenile and his mother were required to attend a prehearing conference. At that conference it was learned that the juvenile had previously received psychological counseling. The prehearing conference resulted in a determination that the charges could not be informally adjusted. The Public Defender's Office was appointed to represent the juvenile and the matter set for hearing.

At the hearing, the juvenile judge accepted a guilty plea from the juvenile and held a disposition hearing. At said hearing, Her Honor ordered the juvenile to enter and complete psychological counseling/treatment.

The juvenile appealed this ruling to the Circuit Court. No proof was introduced at the hearing of this appeal. Instead, legal argument was heard concerning the authority of the Juvenile Court to order psychological counseling for a traffic offender. The trial judge ruled that the juvenile judge did not have this authority and vacated the Juvenile Court's order requiring psychological counseling.

The State appeals this ruling.

2

If the Juvenile Court finds a juvenile to be a traffic violator, the court has the authority to deal with the juvenile, inter alia, in the same manner as a delinquent child. T.C.A. §37-1-146(b).

T.C.A. §37-1-131 empowers the court to place a delinquent child on probation "under conditions and limitations the court prescribes...".

Requiring psychological counseling as a condition of probation is certainly within the power of the court, in proper cases. See State v Kevin Yant (unreported) Tenn. Crim. App. at Nashville. #01C01-9206-CR-00187 opinion filed 7/8/93 ; State v Donald Mitchell Boshears and Ronald Dwayne Morris III (unreported) Tenn. Crim. App. at Nashville #01C01-9412-CR-00402 opinion filed 11/15/95.

It is clear, then, that the trial court was in error when it ruled that the Juvenile Court did not have the authority to require a juvenile to undergo psychological counseling incident to a traffic conviction. Whether counseling was appropriate in this case was not ruled upon by the trial judge since the court ruled on this issue prior to a formal hearing. A de novo hearing would be required for His Honor to determine whether or not counseling was appropriate in this case.

Appellee submits that, since the juvenile's history of psychological counseling was divulged at the prehearing conference, the evidence of same should not have been presented to the juvenile court at the hearing since information gathered at the prehearing conference cannot be used against the juvenile at the hearing. Rule 14(c)(2)(v), Tenn. R. Juv. P. If this is true, the remedy for same is a de novo hearing before the Circuit Court. The evidence is inadmissible. See Rule 14(c)(2)(v), Tenn. R. Juv. P.

The judgment of the trial court is reversed and the case is

3

remanded for a de novo hearing as required by T.C.A. §37-1-159.

                                                          _____

                                                          Robert E. Burch,
                                                          Special Judge

**CONCUR:**

_____
Gary R. Wade, Judge

_____
Joseph M. Tipton, Judge

4